IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BASF Coatings S.p.A. (formerly SALCHI S.p.A.), ) ) ) | |
| Plaintiff, ) | C.A. No.: _____ |
| vs. ) ) | **COMPLAINT** |
| Ivan Block, Axon Products, Inc., Crown Metro, Inc., Crown Metro Chemicals, Inc., and Carlos Rhys, ) ) ) ) | Non-jury |
| Defendant. ) ) | |

The Plaintiff, complaining of the above-named Defendants, would respectfully show unto the Court:

**PARTIES AND JURISDICTION**

1. The Plaintiff, BASF Coatings, S.p.A., is a corporation organized and existing pursuant to the laws of the Country of Italy and has its principal place of business in Burago Malgora, Italy.

2. The Plaintiff is a judgment creditor of Crown Metro Specialty Products, Inc. ("CMSP"), in the amount of Five Hundred Thirty-five Thousand One Hundred Nineteen and 25/100 ($535,119.25) Dollars, by reason of an Order of Judgment entered by this Court against CMSP on May 17, 2004 (attached hereto as **Exhibit A**).

3. CMSP is a corporation organized and existing under the laws of one of the United States with its principal place of business in the County of Greenville, South Carolina.

4. Upon information and belief, Defendant Crown Metro Chemicals, Inc. is a

corporation organized and existing under the laws of one of the United States with its principal place of business in the County of Greenville, South Carolina.

5.  Upon information and belief, Defendant Crown Metro, Inc. is a corporation organized and existing under the laws of one of the United States with its principal place of business in the County of Greenville, South Carolina.

6.  Upon information and belief, Axon Products, Inc. is a corporation organized and existing under the laws of one of the United States with its principal place of business in the County of Greenville, South Carolina.

7.  Upon information and belief, Defendant Ivan Block is a citizen and resident of the County of Greenville, South Carolina.

8.  Upon information and belief, Defendant Carlos Rhys is a citizen and resident of the County of Greenville, South Carolina.

9.  Jurisdiction in this action is based upon diversity of citizenship and 28 U.S.C. § 1367, supplemental jurisdiction.

## **FACTS**

10. BASF filed a request for arbitration against CMSP on December 2, 1998.

11. The arbitration hearing began in Switzerland on June 8, 2000 and concluded on April 16, 2002, and the arbitrator issued his Award on August 20, 2002.

12. BASF filed its Summons and Complaint seeking enforcement of the Arbitration Award in this Court on March 26, 2003.

13. This Court entered judgment enforcing the Award against CMSP on May 17, 2004.

14. Judgment was entered in the amount of Five Hundred Thirty-five Thousand One

Hundred Nineteen and 25/100 ($535,119.25) Dollars.

15. A Writ of Execution signed by the Court was issued against CMSP on June 29, 2004.

16. Defendants are all individuals and corporations affiliated with CMSP.

17. Based upon the below described conveyances among the Defendants in an effort to defraud BASF as judgment creditor of CMSP, BASF now seeks to execute its judgment against all named Defendants.

## FOR A FIRST CAUSE OF ACTION

### (Statute of Elizabeth)

18. BASF restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

19. The Defendant corporations have substantially overlapping officers and directors, as well as, in many instances, the same address, telephone number and registered agent.

20. Defendant Ivan Block is the sole or controlling shareholder in each of the above named Defendant entities.

21. Defendant Carlos Rhys is the President of CMSP and, upon information and belief, a shareholder, officer, agent or employee of some or all of the corporate Defendants.

22. On or about March 8, 2002, while the above-referenced arbitration was ongoing, CMSP and the Defendants began a series of transactions designed to strip from CMSP substantially all of its assets and transfer those assets to the Defendants. CMSP and the Defendants undertook these actions with the specific intent to defraud BASF as CMSP's soon-to-be judgment creditor. The actions undertaken by CMSP are more fully described in the Memorandum in Support of Motion to Amend Writ of Execution, filed by Plaintiff in

supplemental proceedings against CMSP, attached as **Exhibit B** to this Complaint and incorporated herein by reference. The transfers referenced in Exhibit B rendered CMSP insolvent and unable to pay BASF. They were made with knowledge of BASF's claims against CMSP. They were made with the actual and constructive intent to defraud BASF.

23. In certain instances, the transfers complained of took place in exchange for no consideration whatsoever and Defendants are therefore liable for constructive fraud. In other instances, these transfers were made in exchange for some consideration, but the transfers were made by CMSP and Defendants with actual intent to defraud BASF. In these instances, CMSP's intent to defraud BASF is imputable to Defendants since Defendants control CMSP and/or are controlled by the same individuals or entities.

24. BASF did not discover that these transactions had taken place until November, 2004, when BASF received the report of its private investigator outlining the nature of these transactions and transfers.

25. The transfers of property made by the Defendants were in violation of South Carolina's Statute of Elizabeth. S.C. Code Ann. §27-23-10. Those transfers were made knowingly and voluntarily to delay, hinder or defraud creditors and to avoid payment of the debt due to the Plaintiff. The payments were made in fraud of creditors, either actual or constructive, and the Defendants are liable therefore for actual and punitive damages as well as attorneys' fees.

## FOR A SECOND CAUSE OF ACTION

### (Equitable Rescission)

26. BASF restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

27. The foregoing transactions occurred without the payment of fair consideration to CMSP. The payment of inadequate consideration was part of a scheme or artifice to defraud CMSP's creditors, including BASF.

28. As a result of the foregoing, the Court should equitably rescind these transactions and require and compel the Defendants to return any and all property and/or assets sufficient to permit CMSP to satisfy the judgment debt owed to the Plaintiff, plus interest and costs as well as attorneys' fees.

## FOR A THIRD CAUSE OF ACTION

### (Conversion)

29. BASF restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

30. Defendants' actions constitute conversion of the assets of CMSP belonging to BASF as a judgment creditor of CMSP.

31. Defendants' conversion gives rise to their liability to BASF for actual and punitive damages.

WHEREFORE, the Plaintiff BASF respectfully requests that it be given judgment against all Defendants for actual and punitive damages, equitable relief, interest and attorneys' fees pursuant to the causes of action set forth above, and for such other and further relief as the Court deems just and proper.

       s/ S. Brooke Chapman
James L. Rogers (Fed. ID #3906)
S. Brooke Chapman (Fed ID #9424)
Leatherwood Walker Todd & Mann, P.C.
300 E. McBee Avenue, P.O. Box 87
Greenville, South Carolina 29602
(864) 242-6440

August 10, 2005     Attorneys for Plaintiff